GENAIDEN REALTY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39497.   Promulgated October 9, 1930.

Monroe P. Bloch, Esq., for the petitioner.
L. W. Creason, Esq., for the respondent.

**1206**

**OPINION.**

SEAWELL: The law applicable in the instant case is found in the Revenue Act of 1926, and, as regards deductions, is as follows:

SEC. 234. (a) In computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered, * * *

The petitioner corporation in its income-tax return for the fiscal year ended October 31, 1926, took a deduction of $6,000 claimed as additional salaries or compensation paid to Hyman Kornreich and Samuel Solarz for personal services actually rendered it from October 1, 1925, to April 1, 1926. From the date of petitioner's incorporation to May 15, 1926, Kornreich and Solarz, for all practical purposes, were the only stockholders of petitioner. Kornreich and Solarz in their agreement preliminary to incorporation of petitioner specified that the salary of each should be $60 per week. On May 15, 1926, Solarz owned $10,000 par value of the stock of petitioner and Kornreich owned $5,500 par value of the stock and had subscribed for $4,500 more, par value.

On May 15, 1926, or as of that date, Solarz and Kornreich permitted one William Glaubinger to invest $13,000 in the corporation, he receiving therefor $13,000 par value of its capital stock. At the time Glaubinger acquired his said stock it was agreed between said three stockholders and the petitioner that additional stock in the amount of $3,000 par value should be issued to Solarz and Kornreich, each, which was done. The written agreement of June 15, 1926, between the parties also provided that Kornreich and Solarz should agree to serve petitioner for $60 per week for a period of two years from May 15, 1926, and receive no more compensation except by unanimous consent. Kornreich, when asked on cross-examination what the profits of the corporation were up to and including the 15th of May, 1926, stated that they were probably between five and seven thousand dollars, " something like that," that he did not know exactly. He subsequently stated he thought his answer was " wrong," that he believed the profits were " between two and three thousand dollars."

We are of the opinion, however, that on May 15, 1926, the corporation did have profits or earnings of approximately $6,312.23, as indicated in our findings of fact. There was issued additional stock in approximately the same amount ($6,000) to Kornreich and Solarz, $3,000 par value to each.

It is contended in behalf of petitioner that the stock so issued to Kornreich and Solarz was pursuant to contract and " in consideration of services performed " for the petitioner. A resolution appearing on its minute book is to the same effect. The agreement of Solarz and Kornreich, dated August 25, 1925, preliminary to the organization of the petitioner corporation, however, provided that each of them should be paid a salary of $60 per week.

We are of the opinion that the evidence does not show that the services of Solarz and Kornreich were really worth any more than the $60 per week as provided for in the original contract made pre-

1208

liminary to the organization of petitioner. Such was the value which they then placed upon their services. Such was also the value placed upon them in the agreement of June 15, 1926, between William Glaubinger, Solarz, Kornreich, and the petitioner corporation, in which contract Solarz and Kornreich agreed to serve petitioner at a salary of $60 per week for each, for a period of two years from May 15, 1926.

The petitioner did not pay $6,000 to Solarz and Kornreich, $3,000 to each. It paid no money to either of them as salaries for services rendered in excess of what the Commissioner allowed as such. Petitioner paid nothing by reason of the increase in issued stock to the amount of $6,000 par value. There was, in fact, no distribution of earnings or profits to Solarz and Kornreich but rather a capitalization of $6,000 of earnings. The corporation, having paid nothing in excess of what the Commissioner allowed as a deduction, has nothing further to deduct.

We are of the opinion, therefore, that when all the facts and circumstances in the instant case are carefully considered and given due weight, the Commissioner committed no error, but allowed all deductions to which the evidence shows petitioner was entitled.

*Judgment will be entered for the respondent.*